UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    Case No.: 8:23-cr-25-VMC-AEP

CALEB HUNTER FREESTONE,
AMBER MARIE SMITH-STEWART,
ANNARELLA RIVERA, and
GABRIELLA VICTORIA OROPESA
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Gabriella Victoria Oropesa's Motion to Dismiss Count One of the Superseding Indictment (Doc. # 102), filed on May 4, 2023, which the three co-defendants have adopted. (Doc. ## 104, 106, 112). The United States of America responded in opposition on May 17, 2023. (Doc. # 108). Oropesa filed a reply on May 31, 2023. (Doc. # 118). At the Court's direction, the United States filed a sur-reply on July 7, 2023. (Doc. # 138). For the reasons that follow, the Motion is denied.

**I.  Background**

On March 23, 2023, Oropesa and three co-defendants, Caleb Hunter Freestone, Amber Marie Smith-Stewart, and Annarella Rivera, were indicted via superseding indictment. (Doc. # 54). Count One charges all four defendants with

1

conspiracy to violate rights secured by the Free Access to Clinic Entrances Act ("FACE Act"), 18 U.S.C. § 248: the defendants allegedly conspired "to injure, oppress, threaten, and intimidate employees of facilities providing reproductive health services in the free exercise and enjoyment of the rights and privileges secured to them by the laws of the United States, namely, the right to provide and seek to provide reproductive health services as provided by Title 18, United States Code, Section 248(c)(1), in violation of Title 18, United States Code, Section 241." (Id. at 1-2). Counts Two and Three charge Freestone, Smith-Stewart, and Rivera with substantive violations of the FACE Act. (Id. at 4-5).

Section 241 provides in relevant part:

> If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; . . . [t]hey shall be fined under this title or imprisoned not more than ten years, or both.

18 U.S.C. § 241. The "law of the United States" that creates the right at issue here is the FACE Act. The FACE Act "subjects to both criminal and civil penalties anyone who 'by force or threat of force or by physical

2

obstruction, intentionally injures, intimidates or interferes with or attempts to injure, intimidate or interfere with any person because that person is or has been, or in order to intimidate such person or any other person or any class of persons from, obtaining or providing reproductive health services.'" McCullen v. Coakley, 573 U.S. 464, 491 (2014) (quoting 18 U.S.C. § 248(a)(1)). Section 248(c)(1) of the Act creates a private right of action for any "person aggrieved by reason of the conduct prohibited by" the Act. 18 U.S.C. § 248(c)(1)(A).

Oropesa seeks to dismiss Count One of the superseding indictment, which is the conspiracy charge. (Doc. # 102). All defendants have joined in the Motion. (Doc. ## 104, 106, 112). The United States has responded. (Doc. # 108). Oropesa has replied (Doc. # 118), and the United States filed a sur-reply. (Doc. # 138). The Motion is ripe for review.

II. **Discussion**

"This Court may resolve a motion to dismiss in a criminal case when the 'infirmity' in the indictment is a matter of law and not one of the relevant facts is disputed." United States v. Al-Arian, 308 F. Supp. 2d 1322, 1332 (M.D. Fla. 2004). Here, Oropesa moves under Federal

3

Rule of Criminal Procedure 12(b)(3)(B)(v), which provides for a motion to dismiss an indictment for "failure to state an offense." Fed. R. Crim. P. 12(b)(3)(B)(v). "In ruling on a motion to dismiss for failure to state an offense, a district court is limited to reviewing the *face* of the indictment and, more specifically, the *language used* to charge the crimes." United States v. Sharpe, 438 F.3d 1257, 1263 (11th Cir. 2006). An indictment is facially sufficient so long as it "present[s] the essential elements of the charged offense, notifie[s] the accused of the charges to be defended against, and plainly enable[s] him to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense." United States v. Woodruff, 296 F.3d 1041, 1048 (11th Cir. 2002).

Oropesa argues that Count One of the superseding indictment should be dismissed for three reasons: (1) "the offense of conspiracy against rights, 18 U.S.C. § 241, requires state action" but "[n]o state action is alleged in Count One"; (2) "because the FACE Act contains its own independent regulatory - indeed criminal - enforcement mechanisms prescribed by Congress, the FACE Act may not also be enforced through the open-ended 'Constitution or

4

laws' provision of 18 U.S.C. § 241"; and (3) "to the extent Count One alleges a conspiracy to violate the FACE Act, the Superseding Indictment alleges as the object of the conspiracy an unenforceable provision of the Act." (Doc. # 102 at 3-4).

### A. State Action is Not Required

The first argument is easily rejected. As the United States notes, Section 241 — unlike Section 242 with which defendants are not charged — "by its own terms, is not limited to conspiracies committed under color of law." (Doc. # 108 at 13). Furthermore, "private actors are regularly charged with and convicted of Section 241 conspiracies." (Id.); see, e.g., United States v. Stewart, 65 F.3d 918 (11th Cir. 1995) (against private actors who burned a cross in a Black family's yard); United States v. Wood, 780 F.2d 955 (11th Cir. 1986) (against private actors who beat a white woman in and around her home because she associated with members of the Black community); United States v. Pacelli, 491 F.2d 1108 (2nd Cir. 1979) (against private actors who conspired to oppress a woman in the free exercise of her right to testify at a federal trial). Indeed, the Supreme Court upheld the convictions under Section 241 of private actors — "outside hoodlums" — for

5

conspiring to violate the right of Black citizens to equality in public accommodations under the Civil Rights Act of 1964. United States v. Johnson, 390 U.S. 563, 563 & 567 (1968).

Oropesa misreads the earlier Supreme Court decision, United States v. Price, 383 U.S. 787 (1966), as establishing an "under color of state law" requirement for Section 241. But, in fact, state action was only required in that case because defendants there were charged with conspiracy to violate the Fourteenth Amendment Due Process Rights of certain individuals. Because the Fourteenth Amendment only "protects the individual against state action, not against wrongs done by individuals," the Price Court concluded that private actors could participate in a conspiracy to violate Fourteenth Amendment rights only if state actors were also involved. Id. at 799-800. Here, the right at issue does not flow from the Fourteenth Amendment, so Price does not apply.

### B.  The FACE Act Confers a Right

Oropesa's argument that the superseding indictment "alleges as the object of the conspiracy an unenforceable provision of the" FACE Act, (Doc. # 102 at 4), also fails.

Oropesa notes that "defendants are charged with violating [Section] 241 not by conspiring to interfere with any substantive provision of the FACE Act – such as, for instance, the misdemeanors charged in Count Two (18 U.S.C. §248(a)(1)) and in Count Three (18 U.S.C. § 248(a)(3)) - but with conspiring to interfere with 18 U.S.C. 248(c)(1)," which is "the sub-section of the Act that creates a private civil action for certain violations of the FACE Act." (Id. at 13). Thus, according to her, Section 248(c)(1) "cannot serve as an object of the conspiracy." (Id.). After noting that Count One charges defendants with "a conspiracy offense and with the offense of aiding and abetting that conspiracy," she also contends — without citation to authority — that "[t]his portion of Count One is also facially defective, as 18 U.S.C. § 2 does not create an offense of aiding and abetting a conspiracy." (Id.).

These arguments are unpersuasive. First, as for Oropesa's argument regarding Section 2 "aiding and abetting," the United States is correct that "Section 2 is a theory of liability that is available for all federal criminal charges" and does not create a separate offense. (Doc. # 138 at 3); see United States v. Hassoun, 476 F.3d 1181, 1184 n.2 (11th Cir. 2007) ("Section 2 does not

7

represent a distinct offense, but rather simply codifies an alternate theory of liability inherent 'in every count, whether explicit or implicit, and the rule is well-established, both in this circuit and others, that one who has been indicted as a principal may be convicted on evidence showing that he merely aided and abetted the commission of the offense.'" (citation omitted)). And the United States may proceed under the theory of aiding and abetting a conspiracy. See United States v. Jarvis, 335 F. App'x 845, 847 (11th Cir. 2009) ("[E]ven if the jury convicted Jarvis of conspiracy to possess with intent to distribute cocaine under an aiding and abetting theory, his offense of conviction would remain the same."). Thus, the Motion is denied as this argument.

Next, Section 248(c)(1) can serve as the object of a criminal conspiracy. The United States is correct that "Section 248(c)(1), the civil provision of the FACE Act, secures the right to provide and obtain reproductive health services free from force or threat of force, physical obstruction, injury, intimidation, or interference." (Doc. # 108 at 5). Section 241 prohibits "only intentional interference with rights made specific either by the express terms of the federal Constitution or laws or by

8

decisions interpreting them." United States v. Kozminski, 487 U.S. 931, 941 (1988). The parties agree that the Court should look to the law surrounding Section 1983 for guidance on whether the FACE Act creates an individual right. (Doc. # 108 at 7; Doc. # 118 at 4).

There are "three factors to guide judicial inquiry into whether or not a statute confers a right: [1] Congress must have intended that the provision in question benefit the plaintiff, [2] the plaintiff must demonstrate that the right assertedly protected by the statute is not so 'vague and amorphous' that its enforcement would strain judicial competence, and [3] the provision giving rise to the asserted right must be couched in mandatory, rather than precatory, terms." Gonzaga Univ. v. Doe, 536 U.S. 273, 282 (2002) (quoting Blessing v. Freestone, 520 U.S. 329, 340 (1997) (internal quotation marks omitted)). "For a statute to create such private rights, its text must be phrased in terms of the persons benefited," with the use of "'rights-creating' language" and "individually focused terminology." Id. at 282, 287 (citation and internal quotation marks omitted).

Notably, another district court recently held, after citing case law on establishing a right in the Section 1983

9

context, that the FACE Act "plainly does" confer an individual right. United States of America v. Gallagher, No. 3:22-CR-00327, 2023 WL 4317264, at *13 (M.D. Tenn. July 3, 2023). Thus, that court denied a motion to dismiss the Section 241 charge premised on the violation of the FACE Act, stating that the Section 241 conspiracy against rights charge had "been sufficiently stated." Id. at *14.

And the Court agrees with the United States that "because Section 248(c)(1) satisfies all three factors established by the Supreme Court in Blessing and Gonzaga, Section 248(c)(1) created an individual right." (Doc. # 108 at 10). First, the government and the Gallagher court are correct that the language of Section 248(c)(1) of the FACE Act is "rights-creating" and "individually focused," with the victims of the crime — clinics offering reproductive health services — clearly falling within the persons and entities imbued with the right. See 18 U.S.C. § 248(c)(1)(A) ("Any person aggrieved by reason of the conduct prohibited by subsection (a) may commence a civil action for the relief set forth in subparagraph (B), except that such an action may be brought under subsection (a)(1) only by a person involved in providing or seeking to provide, or obtaining or seeking to obtain, services in a

10

facility that provides reproductive health services . . . ."); see also D.O. v. Glisson, 847 F.3d 374, 378 (6th Cir. 2017) (holding that the Child Welfare Act created a federal right; it satisfied the first factor because it mandated payments "on behalf of each child," showing a "focus on individual recipients"). As the Gallagher court persuasively explained:

> [The FACE Act] defines the ways that an individual can violate the Act in reference to the interests of specific individuals. "Interference," under the Act, for example, "means to restrict a person's freedom of movement." 18 U.S.C. § 248(e)(1). "Intimidation" means "to place a person in reasonable apprehension of bodily harm to him- or herself or to another." 18 U.S.C. § 248(e)(3). This focus on the individual supports the conclusion that the FACE Act is a right-conferring statute.

Gallagher, 2023 WL 4317264, at *13.

Next, Section 248(c)(1) is not so vague and amorphous as to strain judicial competence, given its clearly defined terms and contours of the right to obtain or provide reproductive health services without force or threat of force, physical obstruction, injury, intimidation, or interference. See Glisson, 847 F.3d at 378 (explaining that the Child Welfare Act lacks vague and amorphous terms that might strain judicial competence because it "confers a monetary entitlement upon qualified foster families and

11

includes an itemized list of expenses that the state must cover").

Section 248 also satisfies the third factor, requiring a right be "couched in mandatory, rather than precatory, terms." Section 248(a) states that a person who engages in the conduct made unlawful under the statute "shall be subject" to both criminal and civil penalties described in Sections 248(b) and (c). 18 U.S.C. § 248(a). The mandatory language "shall" fulfills the mandatory requirement. See Harris v. Olszewski, 442 F.3d 456, 462 (6th Cir. 2006) ("Third, the 'must . . . provide' language of the provision confirms that the statute is 'couched in mandatory, rather than precatory, terms.'" (citation omitted)); Glisson, 847 F.3d at 378 (holding that the statute's "'shall make' language 'unambiguously impose[s] a binding obligation on the States,'" thus satisfying the third factor (citation omitted)).

Thus, in short, the United States has shown that Section 248 of the FACE Act confers an individual right enforceable through Section 241.

### C. The Right created by the FACE Act is Enforceable through Section 241

Oropesa also maintains that "using [Section] 241 to enforce the FACE Act, transforming a substantive criminal offense punishable as a misdemeanor to a felony conspiracy, is incompatible with the Supreme Court's jurisprudence in the closely related [Section] 1983 context." (Doc. # 102 at 12-13). According to her, "[b]ecause the FACE Act contains its own enforcement mechanism, . . . it is improper to seek duplicative enforcement for the same conduct through the civil rights felony conspiracy statue." (Id. at 9). Oropesa frames her argument as challenging whether the FACE Act is a "law of the United States" on which a violation of Section 241 can be based. See (Doc. # 118 at 5) ("Oropesa's argument focuses not on whether the FACE Act creates a 'right' enforceable under Section 241, but whether it is a 'law' enforceable under Section 241.").

She notes that, in the context of analyzing whether a Section 1983 action lies for violation of a federal statutory right, the Supreme Court has opined: "The provision of an express, private means of redress in the statute itself is ordinarily an indication that Congress did not intend to leave open a more expansive remedy under

13

[Section] 1983. . . . Thus, the existence of a more restrictive private remedy for statutory violations has been the dividing line between those cases in which we have held that an action would lie under [Section] 1983 and those in which we have held that it would not." City of Rancho Palos Verdes, Cal. v. Abrams, 544 U.S. 113, 121 (2005).

But the City of Rancho Palos Verdes Court did not say this regarding whether the statute at issue was a "law of the United States." Rather, this statement was made in the context of what a defendant must show to rebut the presumption that a statutorily created right is enforceable through Section 1983. See Id. at 120 ("The defendant may defeat this presumption by demonstrating that Congress did not intend that remedy for a newly created right. Our cases have explained that evidence of such congressional intent may be found directly in the statute creating the right, or inferred from the statute's creation of a 'comprehensive enforcement scheme that is incompatible with individual enforcement under [Section] 1983.'" (citations omitted)).

The Court rejects Oropesa's arguments. The FACE Act, a federal statute, is clearly a "law[] of the United States" for purposes of Section 241. 18 U.S.C. § 241; see also

14

Health & Hosp. Corp. of Marion Cnty. v. Talevski, 143 S. Ct. 1444, 1450 (2023) (stating, regarding Section 1983's "unqualified reference to 'laws,'" that "'Laws' means 'laws'"). Furthermore, as the United States puts it, "[e]nforceability under [Section] 1983 and enforceability under [Section] 241 are distinct questions and require distinct analyses." (Doc. # 138 at 5). The Court agrees that, while the precedent regarding Section 1983 was helpful to determining whether the FACE Act creates an individual right, case law concerning whether an individual right is enforceable in a civil action under Section 1983 is not helpful here.

Rather, the Court must focus on the few cases addressing Section 241 to determine enforceability. Again, the one other court to address a Section 241 charge premised on a violation of the FACE Act has found that the FACE Act created an individual right that was enforceable through Section 241. See Gallagher, 2023 WL 4317264, at *13-14. And the Court does not consider the existence of both criminal and civil penalties under the FACE Act to preclude enforcement through Section 241. Rather, as the United States argues, "the fact that the FACE Act includes criminal penalties and civil remedies weighs in favor of

15

enforceability under [Section] 241." (Doc. # 138 at 8). Indeed, in United States v. DeLaurentis, 491 F.2d 208 (2d. Cir. 1974), the Second Circuit held that a section of the National Labor Relations Act could not form the basis of a Section 241 conspiracy charge where that statute did not provide criminal penalties or civil remedies for violations of the rights it created. Id. at 212-13; see also Id. at 213 ("It seems unreasonable to believe that Congress would provide that the consummated violation of the rights under Section 157 would constitute only an unfair labor practice, without even a fine or any punishment as a misdemeanor, but should punish as a ten year felony the mere conspiring to do such thing.").

Notably, the FACE Act also states that it shall not "be construed to provide exclusive criminal penalties with respect to the conduct prohibited" by the Act. 18 § U.S.C. § 248(b). This language weighs against the argument that Congress intended the criminal penalties and civil remedies enumerated in the FACE Act to preclude enforcement through Section 241 or other means.

Furthermore, the Court is unpersuaded by Oropesa's complaint that she is being charged with felony conspiracy through Section 241 when the FACE Act itself only provides

16

misdemeanor criminal penalties. The Gallagher court rejected a similar argument, and this Court adopts that reasoning:

> [T]he defendants argue that applying [Section] 241 in this situation "conflicts with both the spirit and the letter of" the FACE Act, as "Congress could not have been clearer in its intention that first offense violations of FACE be charged as misdemeanors." But a [Section] 241 conspiracy charge based on a conspiracy to violate FACE Act rights is not the same thing as a charge under the FACE Act. The defendants' argument is not so much one based on any statutory language — which it is not — but on the fact that it simply seems, to them, unfair to consider it a felony to conspire to commit some misdemeanors. Whatever the moral persuasiveness of that thought, the defendants are asking this court to second-guess both the legislative decisions of Congress and the charging decisions of the Executive in a way that this court has no power to do. Nor can the defendants defeat those separation-of-powers concerns by recasting this argument as one involving disproportionate punishment, because there is no caselaw supporting such a holding regarding the punishments available under [Section] 241.

Gallagher, 2023 WL 4317264, at *14 (internal citation omitted). Oropesa has presented no law supporting that a Section 241 conspiracy against rights charge is impermissible because the statute creating the individual right itself only provides for misdemeanor penalties.

17

The superseding indictment sufficiently states the charge of conspiracy against rights under Section 241 against all defendants. The Motion to Dismiss is denied.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Gabriella Victoria Oropesa's Motion to Dismiss Count One of the Superseding Indictment (Doc. # 102) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 27th day of July, 2023.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE